WESTRUMITE CO. OF AMERICA v. COMMISSIONERS OF LINCOLN PARK.

(Circuit Court, N. D. Illinois, E. D.    October 6, 1908.)

No. 28,926.

PATENTS (§ 328*)—INVENTION—METHOD OF SPRINKLING STREETS.

The Van Westrum patent No. 752,487, for a method of sprinkling streets, consisting of treating the loose surface of roads or streets with a mixture or "solution" of oil and water, is void on its face, there being no patentable invention or novelty in using a mixture of oil and water for that purpose, and no method known or disclosed by the patent of combining the two in solution.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity.    On final hearing on demurrer.

Walter H. Chamberlin, for complainant.

William R. Rummler and Charles A. Churan, for defendant.

KOHLSAAT, Circuit Judge.    This bill is filed to restrain infringement of patent No. 752,487, granted to one Van Westrum on February 16, 1904, for an improved method of sprinkling streets.    The claims are five in number, and read as follows:

"(1) The method of utilizing the granulated portions of roadbeds or streets by forming them into a top dressing or coating, by first mechanically or chemically mixing in predetermined proportions oil and water, then sprinkling or spreading the said mixture over the said loose granulated substance or dust and permeating the same, thereby unifying them and forming a concrete mass which adheres to the solid surface of the street or roadbed, thus preventing the diffusion of dust and forming the said top dressing.

"(2) The method herein described of first taking say ten parts of oil, then ninety parts of water, then mixing the same in a solution, then distributing the mixture over a surface of granulated substance by which the granules are united in a thin stratum, whereby their diffusion or scattering is prevented.

"(3) The method herein described of improving the surface of roadbeds and utilizing the loose granulated particles thereon, by sprinkling or coating them with a mixture of oily substances composed of predetermined proportions of oil and water, whereby the said substances are caked or mixed to form a coating for the purpose specified.

"(4) The method of utilizing the granulated portions of roadbeds or streets known as dust and forming it into a top dressing by permeating it with an oily substance consisting of oil and water previously and intimately mixed, whereby the said granulated particles are unified with oil and water and form a concrete mass in the manner and for the purposes specified.

"(5) The method herein described of saturating scattered dust and mixing the same with a mixture of oil and water in the proportions specified in such a manner that said dust is made to adhere to its bed, substantially as described."

The cause is now before the court on demurrer to the bill.

It will be seen that all the claims call for the mixing of oil and water.    Claim 1 speaks of mixing them mechanically or chemically in predetermined proportions; claim 2 covers a solution consisting of about 10 parts of oil to 90 of water; claim 3 covers a mixture composed of predetermined proportions of oil and water; claim 4 covers oil and water previously and intimately mixed; claim 5 covers a mixture of oil and water in the proportions specified.    All of the

claims call for a mixing of the preparation with the loose top dressing of a road or street. The specification proceeds upon the theory that the oil and water are reduced to a solution. At line 65, p. 1, it is said:

"For the purpose of my invention in using a soluble sprinkling liquid I employ oily substances, such as petroleum, petroleum residue, or other suitable mineral or tar oils rendered soluble in water by any known process, these compounds being previously prepared so as to readily mix in solution with a larger volume of water. The proportion I prefer is about from ten to twenty parts of prepared oil to eighty or ninety parts of water, according to the depth of dust or sand to be laid," etc.

And again, at line 81, p. 1:

"This sprinkling medium has the advantage that by reason of the addition of oily substances it evaporates considerably less rapidly than pure water, while owing to the oily substances being dissolved in the water it does not leave spots on the clothing of persons which are difficult to remove."

And again, at line 13, p. 2:

"Besides, the said soluble oily substance can be dissolved in water to any desired extent," etc.

It will hardly be deemed invention to pour oil and water, ununited chemically, or not in solution, upon the top dressing or layer of a street. This condition has obtained every time a road treated with crude oil has been subjected to rain. Unless there has been some combination of the two more intimate than the mere holding of the oil in suspense in the water, it is a matter of common knowledge that neither one loses its distinctive characteristics. In other words, it is indispensable in this case that a solution should exist. It is also a matter of common knowledge that oil and water cannot be combined in solution. What the patentee meant by any well-known process of accomplishing this end is therefore indefinite and affords no information to the public. If such a process is known, it would seem proper that the bill should allege it. The recital of the patent does not amount to an allegation that any such method is known. Ordinarily, the court should not attempt to dispose of a patent on demurrer. In view, however, of the clearness of the proposition that oil and water, as a matter of common knowledge, cannot be reduced to solution, and the great expense which attends the taking of testimony in patent cases, it is deemed proper to take into consideration the matter of general knowledge upon the matter here involved, to the extent at least of placing the burden upon the complainant of alleging and proving the existence of the process referred to.

For the reason stated, the demurrer is sustained.

NOTE.—After demurrer sustained, plaintiff filed an amendment to the bill of complaint as follows:

"Second. (a) Your orator further avers and shows unto your honors that, prior to the said invention of said Van Westrum, it was known to those skilled in the art to which the said invention pertains that oil and water could be so intimately and permanently mixed as to hold the oil practically in solution in the water, so that said mixture was to all intents and purposes a solution, and that the patent to Weygang, No. 575,189, dated January 12, 1897, discloses such knowledge; a copy of said patent being attached hereto and marked 'Exhibit B.' "

A demurrer to the amended bill was sustained, and an order entered dismissing the bill for want of equity.